UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                          04-40012-FDS

CARLOS CABRAL

### DEFENDANT'S MOTION TO STRIKE SURPLUSAGE

Defendant Carlos Cabral, by his attorney, moves that this Court strike that portion of the superseding indictment captioned "Notice of Additional Factors".

Mr. Cabral submits that the information delineated as additional facts, paragraphs one through five of the superseding indictment, are improper and prejudicial surplusage in violation of Federal Rules of Criminal Procedure 7(d).

As set forth in the Advisory Committee Notes to Rule 7(d), "This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."

Clearly, the government obtained the superseding indictment in an effort to guard against prospective ruling by the United States Supreme Court that the federal sentencing guidelines are unconstitutional or a variant thereof in the wake of Blakely v. Washington, 124 S. Ct. 2531 (2004), and the pending appeals in United States v. Booker, and United States v. Fanfan.

The Fifth Amendment to the United States Constitution provides that "No person shall be held to answer for a capital crime, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury .. Nor shall any person ... be deprived of life, liberty, or property, without due process of law ..."  Only Congress has the authority to criminalize conduct and so, because the additional factors are not statutory offenses with a basis in the United States Code, they may not be treated as elements of an infamous crime under the Fifth Amendment.  See e.g.

<u>Staples v. United States</u>, 511 U.S. 600, 604 (1994).

Moreover, since the additional factors are not properly offenses against the laws of the United States, under 18 U.S.C. §3231, this Court lacks the subject matter jurisdiction over the matters asserted in the notice of additional factors.

Rule 7(c) requires that each count of the indictment provide the official or customary citation of the statute the defendant is alleged to have violated. That notice is provided in counts one through four of the indictment. Thereafter, the only authority referenced in "Notice of Additional Factors" is to the United States Sentencing Guidelines. While the government attempts to craft an indictment which may satisfy post <u>Blakely</u> jurisprudence, there is no current lawful authority for this form of pleading.

Mr. Cabral submits that inclusion of the additional factors is prejudicial surplusage. It is plainly unfair, and impermissibly prejudicial, to place drug quantity information before the jury in the indictment as it considers whether the elements of the crimes charged in counts one through four have been proven beyond a reasonable doubt.

Accordingly, Mr. Cabral requests that this Court strike that portion of the superseding indictment captioned "Notice of Additional Factors."

                                            CARLOS CABRAL
                                            By his attorney,

                                            /s/ Elliot M. Weinstein
                                            Elliot M. Weinstein
                                            BBO #520400
                                            228 Lewis Wharf
                                            Boston, MA 02110
                                            617-367-9334