UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )        CR. NO. 04-40012-FDS
    v.                              )
                                    )
CARLOS CABRAL,                      )
              Defendant.            )
_____)

**UNITED STATES' OPPOSITION
TO SECOND MOTION TO HAVE
PERSONAL PROPERTY RETURNED**

The United States hereby objects to Defendant Carlos Cabral's Second Motion to Have Personal Property Returned (the "Motion") on the grounds that the property – $2,430 in United States currency (the "Currency") – was administratively forfeited by the United States Drug Enforcement Administration (the "DEA") on December 20, 2004, pursuant to 19 U.S.C. § 1609. The only remedy now available to the Defendant is a motion to set aside forfeiture pursuant to 18 U.S.C. § 983(e), and even if the Motion were styled as such, the Defendant has not and cannot meet his burden of proof under that statute.  Accordingly, the United States requests that the Motion be denied.

1

## I. BACKGROUND

The Currency was seized from the Defendant and Elys Garcia on April 15, 2004 in Northbridge, Massachusetts. See Declaration of Douglas A. Kash, Acting Forfeiture Counsel of the DEA ("Kash Decl."), ¶ 4(a). The DEA accepted the case for administrative forfeiture and sent written notice of the seizure to Carlos Cabral, his attorney Elliot Weinstein, and Elys Garcia in June and/or October 2004. Id., ¶ 4(b)-(f), (h), Exs. 1-10, 12, 13. Notice of the seizure was published in The Wall Street Journal on June 28, 2004, July 6, 2004 and July 12, 2004. Id., ¶ 4(g), Ex. 11. The mailed and published notices included the statutory deadline for filing claims to the Currency. Id. After receiving no claims to the Currency, the DEA forfeited the Currency to the United States. Id., ¶ 4(i), Ex. 14.

The Defendant was indicted on May 12, 2004 and charged with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841 (Counts One, Two and Four) and conspiracy to distribute and to possess with intent to distribute, cocaine base in violation of 21 U.S.C. § 846 (Count Three). See Docket No. 19. A First Superseding Indictment was returned on December 15, 2004, charging the same counts. See Docket No. 33. On March 16, 2005, the Defendant pleaded guilty to Counts One through Four of the First Superseding Indictment. See 3/16/2005 Docket Entry. On July 1, 2005, the Defendant was sentenced to 70 months in prison. See Document No. 42.

## II. THE APPLICABLE LAW

**A.** <u>**Administrative Forfeiture**</u>

21 U.S.C. § 881(a), provides for the civil forfeiture of property or money "furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this subchapter." Section 881(d) states that relevant provisions of the customs laws, 19 U.S.C. § 1600 et seq., are to be applied to seizures and forfeitures pursuant to Section 881.

The customs laws provide that property worth $500,000 or less is subject to administrative forfeiture without judicial involvement. 19 U.S.C. §§ 1607-1609. The agency processing the administrative forfeiture is required to serve written notice of the seizure and its intent to forfeit the property on any potentially interested parties within 60 days of the seizure, with certain exceptions. 18 U.S.C. § 983(a)(1)(A); 19 U.S.C . § 1607(a). The agency also is required to publish notice of its intent to forfeit once a week for three weeks in a newspaper of general circulation in the judicial district in which the forfeiture is being processed. 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75. A person claiming an interest in seized property must file a claim with the seizing agency within the time period set forth in the personal notice letter, or within 30 days of the date of the last publication of notice. 18 U.S.C. § 983(a)(2),

The filing of the claim stops the administrative process and requires the Government to initiate judicial forfeiture of the property within 90 days, either by filing a civil complaint for forfeiture or including the property in a criminal indictment. 18 U.S.C. § 983(a)(3). If no claim is filed, the seizing agency may issue a declaration of forfeiture and title to the property is vested in the United States. 19 U.S.C. §§ 1608-1609. The declaration of forfeiture has the same effect

as a final decree and order of forfeiture entered in a judicial proceeding.  Id.; United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995).

**B.**     **The Requirements for Setting Aside an Administrative Forfeiture**

A party seeking to challenge an administrative forfeiture is limited to filing a motion to set aside the forfeiture under 18 U.S.C. § 983(e).  See 18 U.S.C. § 983(e)(5)("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."); Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2005); United States v. Russell, 2006 WL 2786883 (M.D. Ala. 2006) (because property at issue was forfeited pursuant to civil forfeiture statute, no remedy available under Fed.R.Crim.P. 41(g)).  Section 983(e)(5) provides:

> (1)    Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.  a person who is entitled to written notice in an administrative forfeiture proceeding and does not receive such notice may file a motion to set aside a declaration of forfeiture.

### III.  ARGUMENT

As set forth above, the Currency was seized and administratively forfeited in 2004.  For all forfeiture actions commenced after August 23, 2000, 18 U.S.C. § 983(e) provides the exclusive means to set aside a declaration of forfeiture.  See, e.g., MesaValderrama, 417 F.3d at 1195; United States v. Russell, 2006 WL 2786883 at *2.  Accordingly, the Defendant's Motion for return of the Currency filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure should be denied.

Even if the Court were to construe the Motion as one filed pursuant to Section 983(e), the Defendant has failed to allege that he did not receive notice of the administrative forfeiture proceedings and therefore does not have standing to request such relief.  See 18 U.S.C. § 983(e)(1)("Any person entitled to written notice ... who does not receive such notice may file a motion to set aside a declaration of forfeiture").  Moreover, given that notice of the forfeiture proceedings was not only sent to but received by the Defendant and his attorney, the Defendant could not succeed in establishing that the DEA failed to take reasonable steps to provide him with notice, as required by Section 983(e)(1)(A).  See Kash Decl., ¶¶ 4(b), 4(c) and 4(d).  Finally, Section 983(e)(1)(B) requires as a condition of setting aside a forfeiture that the moving party "did not know . . . of the seizure."  The Defendant cannot demonstrate this essential element for setting aside the forfeiture, because the Currency was seized from the Defendant.

See Kash Decl., ¶ 4(a); see also Johnson v. United States, 2004 WL 2538649 *4 (S.D. Ind. 2004) (Plaintiff who was present during seizure could not show that he was unaware of seizure).[1]

### IV.  CONCLUSION

For the foregoing reasons, the government requests that the Court deny the Motion.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                      By:  /s/ Kristina E. Barclay
                         KRISTINA E. BARCLAY
                         Assistant U.S. Attorney
                         U.S. Attorney's Office
                         John Joseph Moakley U.S. Courthouse
                         1 Courthouse Way - Suite 9200
                         Boston, MA  02210
October 2, 2006               (617) 748-3364

---

[1] Even if the Court were to construe the Motion as filed pursuant to Section 983(e) and find that the Defendant had met his burden under the statute, the Defendant would not be entitled to return of the Currency.  Section 983(e)(2) provides that if the Court sets aside the declaration of forfeiture, it shall be "without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party."   If a claimant demonstrates that he has met the two prongs of the motion to set aside forfeiture, the property shall be "returned to the claimant pending completion of proceedings by the Government to obtain forfeiture of the property."  However, currency is excepted from return pending completion of a second forfeiture proceeding (unless it constitutes an asset of a legitimate business that has been seized, which is not the case here).  18 U.S.C. § 983(f)(6), (8).  Thus, in the unlikely event that the Defendant were to prevail in the Motion, the Government would be entitled to initiate another forfeiture proceeding and retain the Currency during the pendency of that proceeding.

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that a paper copy will be served by First Class Mail on Defendant Carlos Cabral.

                                                /s/ Kristina E. Barclay
                                                Assistant United States Attorney

Date: October 2, 2006