IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CARLOS CABRAL, PRO SE

       Petitioner

Vs.                          Case No. 4:04-CR-40012-01-FD

UNITED STATES OF AMERICA,

       Respondent.

MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2) AND UNITED STATES SENTENCING GUIDELINES §1B1.10 AMENDMENT 706 EFFECTIVE MARCH 03, 2008 CONCERNING COCAINE BASE " CRACK "

CARLOS CABRAL, PRO SE

NORTHEAST OHIO CORRECTIONAL CENTER

2240 HUBBARD ROAD

YOUNGSTOWN, OHIO 44505

MAY 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

---

CARLOS CABRAL,
    Petitioner, Pro Se

Vs.                                   Case No. 4:04-CR-40012-01-FD

UNITED STATES OF AMERICA,
    Respondent.

                              X

MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(2) AND UNITED STATES SENTENCING GUIDELINES § 1B1.10; AMENDMENT 706 EFFECTIVE MARCH 03, 2008 CONCERNING COCAINE BASE " CRACK ".

---

Honorable Judge :

    NOW COMES the petitioner, Carlos Cabral, by and through Pro Se, and respectfully moves this Honorable Court, pursuant to 18 U.S.C. § 3582(c)(2) and 1B1.10 of Sentencing Guidelines, to reduce his sentence based upon the Amendment 706 to 2D1.1(c) of the Sentencing Guidelines which becomes effective March 03, 2008; lowering the offense level for the cocaine base " crack " by TWO-LEVEL.

    In support thereof, Petitioner states as follows:

1- On March 16, 2005, Petitioner entered a guilty plea to all counts in violation of 21 U.S.C. § 841(a)(1), Conspiracy 21 U.S.C. § 846, and 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

- 1 -

2- On or around June 13, 2005 Petitioner was sentenced to a term of emprisoment of 70 months by this Honorable Court.

3- Pursuant to the guilty plea entered, the Presentence Report as adopted by this Court in the Judgement entered in this action, the base offense level applicable to Petitioner because he participated in the distribution of at least 104.6 grm. of cocaine base " crack ", pursuant to § 2D1.1(c)(4) the offense level is (32).

4- Effective March 03, 2008 the Section 2D1.1 of the Sentencing Guidelines is amendend by lowering the basic level for cocaine base "crack" of TWO-LEVEL. That as established under § 1B1.10 of the Sentencing Guidelines, the commisionn's decision on December 11, 2007 is to applied retroactively.

5- That under the new Guidelines, the basic level for Petitioner's offense lowering by two levels becomes now Thirty (30).

6- Therefore, Petitioner Carlos Cabral is entitled to be resentenced under the retroactively applied amendment.

7- That at the original sentence, Petitioner's offense level was reduced by three level's for acceptance of responsability ( U.S.S.G. § 3E1.1) and two level's for safety valve ( U.S.S.G. § 5C1.2 ).

8- No other factor are presented justifying any other changes in the computation of the Petitioner's adjusted offense level.

9- That after the appropriate adjustments are calculated, the new offense level will be Twenty-five (25).

10- That the Petitioner's criminal history computation remains at category one (I), as computed in the original PSR.

11- That the appropriate Guidelines range for an offense level (25), category one (I) is ( 57 - 71 ) months.

12- That at Petitioner's sentence on or around June 13, 2005; this Court imposed a sentence of 70 months, the lower end of the range.

13- That if this Honorable Court maintains it's position and imposes the lower end of the new applied range, Petitioner's sentence will be 57 months.

14- That under the existing computation of the Bureau of Prison, Petitioner's current release date is projected for May 13, 2009, and if this Honorable Court granted this motion, Petitioner's new release date it will be around June 06, 2008; making a prompt decision extremely important.

15- Petitioner wants this Court to know that at the end of his sentence he's going to be deported to Dominican Republic, making the issue of danger to society almost an impossiblity.

16- Petitioner wants this Court to know that in the 49 months that he had been in prison, he has maintain a clean record, has taked courses of different topics like anger managment, and others, and he has done every effort avalible to rehabilitate himself to become a better person, a better father, and a better member of society.

### Conclusion

Wherefore, based on the foregoing arguments and authorities, this Honorable Court is respectfully urged to reduce the Petitioner's sentence to 57 months, and enter a new Judgement in this criminal case, and take any other and further relief which this Honorable Court deems just and fair.

Respectfully Submitted

_C. Cabral_
Carlos Cabral, Pro SE

- 3 -

Dated 5/9/08

## CERTIFICATE OF FILLING AND SERVICE

    I HEREBY DECLARE pursuant to 28 U.S.C. § 1746, an original and true and correct copies of the foregoing " PETITION TO CORRECT SENTENCE" were filed with the Clerk of the Court by prepaid first class U.S. mail in a sealed envelope addressed to :

    Office of the Clerk
    UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF MASSACHUSETTS
    HAROLD D. DONAHUE
    FEDERAL BUILDING & COURTHOUSE
    595 MAIN STREET -
    WORCESTER, MASSACHUSETTS 01608

Served to :

    Honorable Judge F. DENNIS SAYLOR, IV
    UNITED STATES DISTRICT JUDGE
    FOR THE DISTRICT OF MASSACHUSETTS
    HAROLD D. DONAHUE
    FEDERAL BUILDING & COURTHOUSE
    595 MAIN STREET - ROOM 502
    WORCESTER, MASSACHUSETTS 01608

Served to :

    Paul G. Casey
    Assistant U.S. Attorney
    John Joseph Moakley
    United States Courthouse
    One Courthouse Way, Suite 9200
    Boston, Massachusetts 02210

By placing them in the mailing system of CCA-NEOCC, 2240 Hubbard Road Youngstown, Ohio 44505-3157, on May 09, 2008, pursuant to HOUSTON Vs. LACK, 487 U.S. 266,270 ( 1988 ).

By: _____
    Carlos Cabral
    Reg # 80428-038
    NEOCC
    2240 Hubbard Road
    Youngstown, Ohio 44505